## ALFRED EPSTEIN v. AMERICAN HAMMERED PISTON RING COMPANY.

Decided March 24, 1924.

**Contracts—Distributing Agent—Contract Denied—Defendant Not Having Assigned to Plaintiff Any Work, Last Year's Business is Fair Basis for Fixing Per Centum Compensation— Proper Charge to Jury When Report of Referee is to go Before Jury.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the rule, *McCarter & English.*

*Contra, Frank E. Bradner.*

PER CURIAM.

This suit was brought to recover damages for the breach of an alleged contract made by the plaintiff with the vice president of the defendant company, by the terms of which he was to be employed as sole distributor of the defendant's products in the State of New Jersey for one year, beginning on September 1st, 1919—his compensation to be calculated on a percentage basis of sales made. The trial resulted in a verdict in favor of the plaintiff for $4,085.20. The defense was a denial of the making of any such contract by the vice

president of the defendant company, although his authority to enter into it on behalf of the defendant was not questioned.

The first contention made before us is that the verdict establishing the existence of the contract is against the weight of the evidence. Our examination of the proofs sent up on the return of the rule satisfies us that the finding of the jury upon this question was fully justified.

The next contention on the part of the defendant is that the court erroneously admitted in evidence a record of the defendant's sale of its products in the State of New Jersey during the year preceding the term of the plaintiff's employment as sole distributor. The plaintiff's case was that, although he was ready to take up the duties of his position on the first of September, 1919, in accordance with the contract, he was prevented from doing so by the defendant and was never permitted to engage in the employment. In this situation he was entitled to recover the compensation to which he was entitled under the contract, and, as that compensation was to be a percentage upon the moneys received from the sale of the product, the amount of sales made by the company during the preceding year afforded a basis for estimating the sales which might have been made during the period of his employment under normal conditions. We consider, therefore, that the overruling of the motion to exclude this testimony was proper.

Next, it is argued that the court erred in refusing to charge the following request: "Plaintiff has failed to prove any damages in this case." It is enough to say in disposing of this contention that the request was not justified by the evidence in the cause, which showed substantial loss sustained by the plaintiff, if the jury believed his testimony.

It is further urged that, as this case was first tried before a referee and that this officer reported in favor of the defendant, the court should have charged the jury in compliance with the defendant's request, that this report "is entitled to great weight in the consideration of the jury." Our statute provides that the report of the referee shall be *"prima facie*

evidence of all of the facts therein found and reported." The trial judge so charged, but refused to go further and add the request of the defendant in this instruction. In the following this course, we think, he was clearly right. To say that because a party has made out a *prima facie* case the jury must give its great weight in its consideration of the matters submitted for its determination is a novel proposition, and, we think, plainly without merit.

The last contention is that the verdict was excessive. We cannot concur in this view. The jury could have found, under the evidence, that the plaintiff would have made during the year as sole distributor approximately $6,500. They would have been justified in finding that his earnings in another business after the contract was broken approximated $3,100, and that the loss sustained by him, consequently, was about $3,400. This, with interest, is about the sum the jury awarded him.,

The rule to show cause will be discharged.